James L. Martin, ISB No. 4226
John C. Hughes, ISB No. 7606
William K. Smith, ISB No. 9769
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5217
Email: jmartin@hawleytroxell.com
  jhughes@hawleytroxell.com
  wsmith@hawleytroxell.com

Attorneys for Defendant Regence Blue Shield of Idaho, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISRICT OF IDAHO

| | |
|---|---|
| PAUL VINCI, an individual,<br><br>  Plaintiff,<br><br>vs.<br><br>REGENCE BLUE SHIELD OF IDAHO, INC., AND JOHN and JANE DOES I through X,<br><br>  Defendants. | Case No. 1:18-cv-00418-REB<br><br>ANSWER TO COMPLAINT |

COMES NOW defendant Regence Blue Shield of Idaho, Inc. ("Regence"), by and through its counsel of record, Hawley Troxell Ennis & Hawley LLP, and hereby answers the Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE AND ANSWER

### I.
### PARTIES, JURISDICTION, AND VENUE

1.  Answering paragraph 1, Regence lacks sufficient knowledge to admit or deny the allegations in paragraph 1 and therefore denies the same.

2.  Answering paragraph 2, Regence only admits that it is an Idaho corporation with its principal business address in Portland, Oregon, that it is duly licensed to conduct insurance related business in Idaho, and that its registered agent for service of process is Corporation Service Company.

3.  Answering paragraph 3, Regence lacks sufficient knowledge to admit or deny the allegations in paragraph 3 and therefore denies the same.

4.  Answering paragraph 4 of Plaintiff's Complaint, Regence only admits that the amount in controversy pled by Plaintiff exceeds $10,000, the remainder of the allegations in paragraph 4 state legal conclusions to which no response is required.

5.  Answering paragraph 5 of Plaintiff's Complaint, Regence asserts that the allegations set forth therein state a legal conclusion to which no response is required.

6.  Answering paragraph 5 of Plaintiff's Complaint, Regence only admits that it received proper service of process of the Plaintiff's Complaint.

## II.
## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. Answering paragraph 7, Regence realleges and incorporates herein by reference its answers to paragraphs 1 through 6 of Plaintiff's Complaint.

8. Answering paragraph 8, Regence only admits that Plaintiff's health insurance is through a group plan with Group Number 60017706; that Plaintiff's ID number under said plan is XNE130197176; that the claim at issue is referenced by number E41534213800; and that Regence contracted with Plaintiff's employer, Rehab Authority, LLC, to insure said plan. Except as expressly admitted, Regence lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 8 and therefore denies the same.

9. Answering paragraph 9, Regence admits the allegations in paragraph 9.

10. Answering paragraph 10, Regence lacks sufficient knowledge to admit or deny the allegations in paragraph 10 and therefore denies the same.

11. Answering paragraph 11, Regence lacks sufficient knowledge to admit or deny the allegations in paragraph 11 and therefore denies the same.

12. Answering paragraph 12, Regence lacks sufficient knowledge to admit or deny the allegations in paragraph 12 and therefore denies the same.

13. Answering paragraph 13, Regence denies that Plaintiff required emergent transport to the University of Utah Hospital. As to the remainder of the allegations in paragraph 13, Regence lacks sufficient knowledge to admit or deny the allegations in paragraph 13 and therefore denies the same.

14. Answering paragraph 14 of Plaintiff's Complaint, Regence denies the allegations set forth therein.

15. Answering paragraph 15, Regence only admits that Plaintiff was in stable condition prior to being transported by Life Flight Network to University of Utah Hospital. Regence lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 15 and therefore denies the same.

16. Answering paragraph 16, Regence admits that certain medical records exist, which documents speak for themselves. Regence also admits that Plaintiff submitted a letter from Dr. Tracy Morgan dated February 21, 2018, that opines on Plaintiff's condition and which document speaks for itself. Regence denies the remainder of the allegations set forth therein.

17. Answering paragraph 17 of Plaintiff's Complaint, Regence only admits that Life Flight Network submitted a claim to Regence in the amount of $56,804.00. Regence denies the remaining allegations set forth therein.

18. Answering paragraph 18 of Plaintiff's Complaint, Regence admits that on September 7, 2017, Regence sent a letter to Plaintiff notifying Plaintiff of its decision regarding the claim submitted by Life Flight Network, which document speaks for itself.

19. Answering paragraph 19 of Plaintiff's Complaint, Regence admits that Plaintiff appealed the initial determination and that Plaintiff's submitted a letter from Dr. Tracy Morgan dated February 21, 2018, that opines on Plaintiff's condition and which document speaks for itself. Regence also admits that the Life Flight Network submitted documentation, which documentation speaks for itself. Regence admits that it denied Plaintiff's first appeal and that a subsequent appeal was denied for failure to timely appeal. Regence denies the remaining allegations set forth therein.

20.     Answering paragraph 20 of Plaintiff's Complaint, Regence asserts that the allegations set forth therein state a legal conclusion to which no response is required.  To the extent any response is required, Regence denies the allegations set forth therein.

21.     Answering paragraph 21 of Plaintiff's Complaint, Regence asserts that the allegations set forth therein state a legal conclusion to which no response is required.  To the extent any response is required, Regence denies the allegations set forth therein.

22.     Answering paragraph 22 of Plaintiff's Complaint, Regence denies the allegations set forth therein.

23.     Answering paragraph 23 of Plaintiff's Complaint, denies the allegations set forth therein.

24.     Answering paragraph 24 of Plaintiff's Complaint, Regence asserts that the allegations set forth therein state a legal conclusion to which no response is required.  To the extent any response is required, Regence denies the allegations set forth therein.

25.     Answering paragraph 25 of Plaintiff's Complaint, Regence denies the allegations set forth therein.

### III.
### FIRST CUASE OF ACTION
### (BREACH OF INSURANCE CONTRACT)

26.     Answering paragraph 26, Regence realleges and incorporates herein by reference its answers to paragraphs 1 through 26 of Plaintiff's Complaint.

27.     Answering paragraph 27 of Plaintiff's Complaint, Regence asserts that the allegations set forth therein state a legal conclusion to which no response is required. To the extent any response is required, Regence denies the allegations set forth therein.

28. Answering paragraph 28 of Plaintiff's Complaint, denies the allegations set forth therein.

29. Answering paragraph 29 of Plaintiff's Complaint, Regence denies the allegations set forth therein.

30. Answering paragraph 30 of Plaintiff's Complaint, Regence denies the allegations set forth therein.

## IV.
## SECOND CUASE OF ACTION
## (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING IN AN INSURANCE CONTRACT)

31. Answering paragraph 31, Regence realleges and incorporates herein by reference its answers to paragraphs 1 through 30 of Plaintiff's Complaint.

32. Answering paragraph 32 of Plaintiff's Complaint, Regence asserts that the allegations set forth therein state a legal conclusion to which no response is required. To the extent any response is required, Regence denies the allegations set forth therein.

33. Answering paragraph 33 of Plaintiff's Complaint, Regence denies the allegations set forth therein.

34. Answering paragraph 34 of Plaintiff's Complaint, Regence denies the allegations set forth therein.

35. Answering paragraph 35 of Plaintiff's Complaint, Regence denies the allegations set forth therein.

36. Answering paragraph 36 of Plaintiff's Complaint, Regence denies the allegations set forth therein.

41823.0002.11373011.5

## V.
## THIRD CUASE OF ACTION
## (TORT OF BAD FAITH)

37.     Answering paragraph 37, Regence realleges and incorporates herein by reference its answers to paragraphs 1 through 36 of Plaintiff's Complaint.

38.     Answering paragraph 38 of Plaintiff's Complaint, Regence denies the allegations set forth therein.

39.     Answering paragraph 39 of Plaintiff's Complaint, Regence denies the allegations set forth therein.

40.     Answering paragraph 40 of Plaintiff's Complaint, denies the allegations set forth therein.

41.     Answering paragraph 41 of Plaintiff's Complaint, Regence denies the allegations set forth therein.

42.     Answering paragraph 42 of Plaintiff's Complaint, Regence denies the allegations set forth therein.

## VI.
## PUNITIVE DAMAGES

43.     Answering paragraph 43 of Plaintiff's Complaint, Regence denies that Plaintiff has any right to punitive damages or that Plaintiff can establish the necessary proof required to amend his complaint to assert a prayer for relief for punitive damages pursuant to Idaho Code §6-1604.

**PRAYER FOR RELIEF**

Regence denies that Plaintiff is entitled to any of the relief for which he prays in his Complaint.

## DEMAND FOR JURY TRIAL

Regence denies that Plaintiff is entitled to a jury trial and this demand for jury trial must be stricken from Plaintiff's Complaint. There is no statutory or constitutional right to a jury trial in ERISA benefit cases such as this.

## AFFIRMATIVE DEFENSES

Regence, in asserting the following defenses, does not admit that the burden of proving the allegations or denials contained in the defenses is upon Regence but, to the contrary, assert that by reason of denials and by reason of relevant statutory and judicial authority, the burden of proving the facts relevant to many of the defenses and the burden of proving the inverse of the allegations contained in many of the defenses are upon Plaintiff. Moreover, Regence does not admit, in asserting any defense, any responsibility or liability on their part but, to the contrary, specifically deny any and all allegations of responsibility and liability contained in the Complaint. Furthermore, Regence reserves the right to seek amendment of this Answer to Complaint in the event discovery reveals the existence of any further affirmative defenses.

## THIRD DEFENSE

Plaintiff's claims against Regence are barred in whole or in part by the doctrines of estoppel, latches, waiver, release or consent.

## FOURTH DEFENSE

Plaintiff's claims and causes of action are preempted by the Employee Retirement Income Security Act and should be dismissed.

## FIFTH DEFENSE

Plaintiff's claims are subject to the terms and conditions of the applicable benefit plan, including applicable exclusions and/or limitations, including without limitation Medically Necessary/Medical Necessity exclusion.

## SIXTH DEFENSE

Plaintiff's claims are barred for failure to exhaust his remedies under the applicable benefit plan or otherwise failed to perform his contractual obligations under said plan.

## SEVENTH DEFENSE

To the extent that Plaintiff has received compensation from collateral sources for the damages of which he complains, Plaintiff is barred from recovery of such sums from Regence.

## EIGHTH DEFENSE

Plaintiffs had, and continue to have, the ability and opportunity to mitigate the damages alleged with respect to the subject matter of this action, and have failed to mitigate said damages, if any were in fact incurred.

## NINTH DEFENSE

At all times material hereto, Regence acted in good faith in the manner in which is processed and handled the claim that is the subject of this lawsuit.

## TENTH DEFENSE

Regence followed and discharged its contractual obligations under the applicable benefit plan.

## ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or part since Regence complied with all applicable laws, statutes, contracts and standards of care.

## TWELVFTH DEFENSE

Regence did not unreasonably delay or deny a valid claim made by Plaintiff under the applicable benefit plan.

## THIRTEENTH DEFENSE

Discovery that is yet to commence may disclose the existence of further and additional defenses. Regence, therefore, reserves the right to seek leave of this Court to amend its answer if Regence deems appropriate.

## FOURTEENTH DEFENSE

Regence has been required to retain the services of counsel to defend against the allegations in Plaintiffs' Complaint, and is therefore entitled to costs and attorneys' fees pursuant to 29 U.S.C. § 1132(g) and any other applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Regence prays for relief as follows:

A. That Plaintiffs' Complaint be dismissed with prejudice, and that Plaintiffs take nothing by virtue of filing that document;

B. For all costs and attorney fees pursuant to all applicable including, but not limited to, 29 U.S.C. § 1132(g);

C. That Plaintiff's Demand for Jury Trial be stricken; and

D. For such other and further relief as the Court deems just and equitable.

Dated: October 9, 2018

HAWLEY TROXELL ENNIS & HAWLEY LLP

By _____
James L. Martin, ISB No. 4226
Attorneys for Defendant Regence Blue Shield of Idaho, Inc.

ANSWER TO COMPLAINT - 10

41823.0002.11373011.5

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of October, 2018, I electronically filed the foregoing ANSWER TO COMPLAINT with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Chip Giles                          chip@gtidaholaw.com

John Christopher Hughes             john@erisalawgroup.com


AND, I HEREBY CERTIFY that I have served the foregoing document to the following non-CM/ECF Registered Participants (list names and addresses):


_____
James L. Martin